# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:09-cr-22-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER DENYING MOTION TO** |
| ) | **SUPPRESS EVIDENCE** |
| BENJAMIN JEFFREY JONES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's Motion to Suppress Evidence (Doc. No. 11) found by police during a search that allegedly violated the Fourth Amendment of the United States Constitution. For the reasons set forth herein, the Court **DENIES** Defendant's motion.

## FINDINGS OF FACT

Based on the evidence presented by the United States and Defendant at the evidentiary hearing on May 5, 2009, the Court makes the following findings of fact:

1. On August 31, 2008, CMP Officer Blakeney responded to a domestic violence call by Clevetra Jones, the estranged wife of Defendant, near Defendant's residence located at 2945 Burgess Drive in Charlotte, NC.

2. Shortly after Officer Blakeney arrived, CMP Officer Crum met Officer Blakeney and Mrs. Jones in a parking lot near Defendant's residence.

3. While speaking with the officers, Mrs. Jones informed them that Defendant had struck her, and that she had seen Defendant packaging a white powdery substance, which she believed was some type of illegal narcotic. Mrs. Jones also told the officers that Defendant possessed a handgun,

which she believed was located in a shoe inside Defendant's residence.

4. After speaking with Mrs. Jones, Officers Crum and Blakeney approached Defendant's residence and knocked on his door. Defendant opened the door, and Officer Crum immediately smelled what he knew, based on his extensive participation in drug investigations and arrests, to be the strong odor of burnt marijuana coming from inside the residence.

5. Although Officer Blakeney testified that he did not smell burnt marijuana, this does not make Officer Crum's testimony any less credible because the testimony showed that the two officers were not standing in exactly the same location.

6. Officer Crum asked Defendant if he could enter Defendant's residence to speak with him about the domestic violence call, but Defendant refused. Defendant never stepped outside of the house but remained at the threshold of the door with the door open.

7. Officer Crum asked Defendant if he had any weapons, at which point Defendant became agitated and began reaching towards his pockets and waist area.

8. Officer Crum then attempted to frisk Defendant for weapons, but Defendant resisted. Consequently, Defendant was placed under arrest for resisting, delaying, and obstruction.

9. While arresting Defendant, Officer Crum informed Defendant of his intention to apply for a search warrant.

10. Following the arrest, Officer Crum performed an initial search of Defendant's house. During the sweep, Officer Crum observed marijuana and digital scales containing a white powdery residue that, based on his training and experience, he believed to be cocaine.

11. Within two hours of Defendant's arrest, Officer Crum applied for and obtained a search warrant for Defendant's residence while the evidence, particularly the smell of burnt marijuana, was fresh.

12. Officer Crum performed a search of Defendant's residence pursuant to the warrant and found cocaine, a handgun, and various items of drug paraphernalia.

## ANALYSIS

Defendant argues that the evidence seized pursuant to the search warrant should be suppressed because Officer Crum had no lawful basis for the initial search which Defendant contends provided the entire justification for the search warrant that Officer Crum ultimately obtained. Specifically, Defendant offers two points in support of his argument: (1) that the initial search of his residence was a violation of the Fourth Amendment because Officer Crum had no reasonable belief based on specific articulable facts that Defendant's home harbored other individuals potentially posing a danger to the arresting officers; and (2) that there was no evidence of exigent circumstances, and therefore no legal basis for the initial search.

In response to Defendant's arguments concerning the initial search, the Government contends that the initial search was justified because the close proximity of Defendant's arrest to Defendant's home, the allegations made by Defendant's wife, and the circumstances surrounding Defendant's arrest collectively gave Officer Crum reason to believe that Defendant's residence harbored a dangerous third party. The Government also argues that the initial search was justified because the same facts and inferences that validated the initial search also established exigent circumstances which warranted Officer Crum's inference that potential third parties inside Defendant's residence might destroy evidence of the controlled substances before a search warrant could be obtained.

Because the Court finds that there was ample probable cause to support the issuance of the search warrant without considering the circumstances surrounding the initial search, the Court specifically declines to rule on the legality of the initial search. In <u>United States v. Gillenwaters</u>, 890 F.2d 679 (4th Cir. 1989), the Fourth Circuit held that it is unnecessary to determine the legality of

a protective sweep when there is ample probable cause to issue a search warrant that existed independently of the information obtained during the sweep. Id. at 681-82. The independent source exception provides that, even if an initial warrantless search was improper, the Government may admit all evidence gathered pursuant to a subsequent lawful search warrant so long as the evidence is seized through a lawful "independent source." Murray v. United States, 487 U.S. 533, 542 (1988). Additionally, in order to qualify for the independent source exception, the officer must make an independent decision to seek a search warrant, unaided by information discovered during the initial illegal entry. Id. Therefore, the critical question before this Court is whether Officer Crum's application for the search warrant contained sufficient evidence, apart from the evidence obtained during the initial search, which would support the magistrate's issuance of the warrant. See United States v. Walton, 56 F.3d 551 (4th Cir. 1995) (holding that in determining whether illegally obtained information affected the decision to issue a search warrant, the district court must examine the search warrant affidavit absent the illegally obtained information and determine whether the untainted portion of the affidavit alone established probable cause).

A determination of probable cause "depends on the totality of the circumstances and involves a 'practical, common-sense decision whether . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Moses, 540 F.3d 263, 269 (4th Cir. 2008) (quoting Illinois v. Gates, 462 U.S. 213, 238-39 (1983)). In Officer Crum's application for the search warrant, he swore to sufficient material facts to show probable cause that a crime had been and was continuing to be committed inside Defendant's residence. Two specific facts are of particular importance: (1) Defendant's wife, who had recently been present at Defendant's residence, informed him that Defendant was in possession of drugs and a firearm; and (2) Officer Crum indicated that he smelled the odor of burnt marijuana coming from inside

Defendant's residence.

The information obtained from Defendant's wife is relevant in a probable cause determination. A face-to-face encounter with an informant who provides a tip that is close in time and proximity to the alleged illegal activity allays many of the credibility problems generally associated with informants. See United States v. Christmas, 222 F.3d 141, 144 (4th Cir. 2000). Here, Officer Crum spoke with the informant shortly after she left Defendant's residence while she was in a nearby parking lot, which bolsters her credibility. Furthermore, Officer Crum identified the informant as Defendant's wife in his application for a search warrant. Knowledge of the informant's identity allowed the magistrate and this Court to properly assess her bias against Defendant in a probable cause determination. See Florida v. J.L., 529 U.S. 266, 270 (2000) ("Unlike a tip from a known informant whose reputation can be assessed and who can be held responsible if her allegations turn out to be fabricated . . . 'an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity'" (quoting Alabama v. White, 496 U.S. 325, 329 (1990))).

While the information obtained from Defendant's wife may alone be sufficient to establish probable cause, Officer Crum also went to Defendant's residence, where he smelled the "strong odor of burnt marijuana coming from inside of the residence." In United States v. Grissett, 925 F.2d 776, 778 (4th Cir. 1991), the court held that the smell of marijuana emanating from the open door of a hotel room provided officers with exigent circumstances to justify a warrantless entry. If the smell of burnt marijuana supports a warrantless search, logically it supports a search with a warrant which is applied for while the evidence of burnt marijuana is fresh. See United States v. Humphries, 372 F.3d 653, 658 (4th Cir. 2004) ("[W]hen the odor of marijuana emanates from an apartment, we have found that there is 'almost certainly' probable cause to search the apartment.").

When considered in the aggregate, the information obtained from Defendant's wife and the smell of burnt marijuana coming from inside Defendant's residence provide sufficient evidence to establish probable cause. Additionally, when Officer Crum was asked at the Suppression Hearing whether he intended to obtain a search warrant before he conducted the initial search, Officer Crum responded that "[a]t the time I detained [Defendant] my intent was to get a search warrant."[1] Therefore, since Officer Crum's decision to seek a search warrant was made prior to the initial search and independent of any evidence discovered during the initial search, this aspect of <u>Murray</u> is satisfied. Thus, because there is probable cause even without the information obtained during the initial search, the warrant and subsequent search were valid, and all of the evidence obtained in the search pursuant to the warrant is admissible. <u>See</u> <u>United States v. Whitehorn</u>, 813 F.2d 646, 649 (4th Cir. 1987).

Accordingly, for the above stated reasons and for good cause,

It is hereby **ORDERED** that the Motion to Suppress Evidence is **DENIED**.

Signed: August 3, 2009

Frank D. Whitney
United States District Judge

---

[1] Defendant's arrest occurred before Officer Crum conducted the initial search.